NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAWN M.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, X.J.,
*Appellees.*

No. 1 CA-JV 15-0364
FILED 6-9-2016

Appeal from the Superior Court in Maricopa County
No. JS 17889
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

¶1            Shawn M. (Father) appeals the severance of his parental rights to his son, X.J.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2            The Department of Child Safety (DCS) filed a petition to terminate Father's rights to X.J. in March 2015, alleging length of imprisonment as the sole ground for severance.[1]  Father's paternity was at issue, and just before the severance hearing in September 2015, Father learned that DCS had confirmed he was X.J.'s biological parent.  At the severance hearing, Father requested a continuance because of the delay in establishing paternity.  The court denied Father's motion and proceeded with the severance hearing.  The court found that Father's incarceration began before X.J.'s birth and Father's maximum release date was scheduled for March 2018.  The court terminated Father's parental rights, finding that pursuant to Arizona Revised Statutes (A.R.S.) section 8-533.B.4, "[t]he father is deprived of his civil liberties due to the conviction of a felony and the father's sentence is of such length that the child will be deprived of a normal home for a period of years."

¶3            Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12–120.21.A.1 and -2101.A (West 2016).[2]

---

[1]        The petition also sought to terminate X.J.'s mother's rights.  Mother's rights to X.J. were terminated, but she is not party to this appeal.

[2]        We cite to the current version of applicable statutes absent any change material to our decision.

**DISCUSSION**

¶4        Father argues the court erred in concluding DCS provided reasonable services to him and in denying his request to continue the severance hearing.

**I.        Reasonableness of Services**

¶5        Father contends the court should have found DCS failed to provide "appropriate" services to Father in its attempt to reunify the family, citing *Ariz. Dep't of Econ. Sec. v. Mahoney ex rel. Pima Cty.*, 24 Ariz. App. 534, 537 (1975).  As grounds for severance, the *Mahoney* court found "the mother had abandoned the children and had made little or no effort to maintain a parental relationship; that she had provided little or no support for the children and any efforts to contact them had been token in nature; and that the mother had neglected the children."  *Id.* at 535.

¶6        Here, Father's parental rights were not severed due to abandonment; the termination was pursuant to A.R.S. § 8-533.B.4, defining length of sentence as a basis for severance.  When severance is caused by the length of a parent's prison sentence, DCS has "no duty to provide reunification services prior to seeking termination."  *James H. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 1, 2-3, ¶¶ 7, 10 (App. 2005).  Because Father does not argue the evidence is insufficient to support the finding that his prison sentence was of sufficient length to justify severance, we find the court did not err.  *See id.* at 3, ¶ 10 (declining to apply factors required by *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246 (2000) when at least one of the factors supporting severance was length of sentence).[3]

**II.        Request for Continuance**

¶7        In support of his request for a continuance, Father argues that had he known X.J. was his son, he would have attempted to keep in contact with him.  Father also represented that he had family members who could be a potential placement for X.J.  In response, the court ordered DCS to review those options.  Before making its final decision on Father's motion, the court observed that Father was incarcerated at the time of X.J.'s birth, and was likely to remain in prison until at least 2018.  We review a court's

---

[3]        Father does not argue that severance was not in the best interests of X.J. and therefore has waived the issue.  *See Hurd v. Hurd*, 223 Ariz. 48, 51 n.3 (App. 2009) (holding that the appellate court does not address issues not properly raised on appeal).

denial of a request for a continuance for an abuse of discretion. *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 361, ¶ 38 (App. 2014).

¶8  Although Father testified he would have attempted to keep in contact with his son had he known X.J. was his child, he does not claim that this would remedy the ultimate reason for termination of his parental rights. Additionally, Father admits he made no effort to bond with X.J., despite knowing he might be X.J.'s biological parent. Due to his incarceration, Father never had custody of X.J. and never bonded with him. Because we find no prejudice, the court did not abuse its discretion in denying Father's motion to continue. *See id.*

### CONCLUSION

¶9  For the foregoing reasons, we affirm the court's severance of Father's parental rights to X.J.



Ruth A. Willingham · Clerk of the Court
FILED: AA